IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PHILLIP ALLEN DYE Private Man Non-Commercial Non-Corporate Entity, | ) ) ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Civ. No. 09-640-SLR |
| FEDERAL HOME LOANS CORPORATION, | ) ) ) ) | |
| Respondent. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 17th day of November, 2009, having considered petitioner's expedited petition for a temporary restraining order for a stay of execution (D.I. 8);

IT IS ORDERED that the motion is **denied**, for the reasons that follow:

1. **Background**. Petitioner, Phillip Allen Dye ("petitioner"), who proceeds pro se, filed an expedited petition for a temporary restraining order to stay the execution of a writ of possession from the forced eviction from property located at 403 Union Church Road, Townsend, Delaware 19734. (D.I. 8)

2. The Superior Court of the State of Delaware in and for New Castle County ("Superior Court") entered an order on September 25, 2009, granting respondent Federal Home Loans Corporation's ("respondent") unopposed motion for a writ of possession, without stay of execution. (*Id.* at ex. A) On October 27, 2009, the New Castle County Sheriff notified petitioner that, pursuant to the Superior Court's order, the premises will be vacated on December 1, 2009 and a locksmith will be present to change the locks. (*Id.* at ex. B) Petitioner filed the pending motion seeking injunctive

relief on the grounds that respondent is trying to secure possession of the property without satisfying lien encumbrances against the property. (D.I. 8) His petition alleges that upon respondent's purchase of the property, three liens, totaling $850,000, became immediately due and payable to petitioner, who at one time owned the real estate in question, before respondent could take possession of the property. (D.I. 2)

3. **Standard**. A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("*NutraSweet II*"). The elements also apply to temporary restraining orders. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997) ("*NutraSweet I*") (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153.

4. **Discussion**. Petitioner contends that respondent is trying to secure possession of the real estate in questions without satisfying the lien encumbrances against the property. He seeks to stop the writ of possession until this case is heard in this court and a final order issued. The court, however, must abstain. Under the doctrine of *Younger* abstention, federal courts are prevented from enjoining pending

state proceedings absent extraordinary circumstances.[1] *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 437 (1982); *Greg v. Pagano*, F. App'x 287 (3d Cir. 2008) (not reported). The court must abstain where: "(1) there are ongoing state proceedings involving the would-be federal plaintiffs that are judicial in nature, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Middlesex County*, 457 U.S. at 432; *Gwynedd Properties, Inc. v. Lower Gwynedd Twp.*, 970 F.2d 1195, 1200 (3d Cir. 1992).

5. Here, there are pending state court proceedings that directly relate to the issues raised by petitioner. Second, Delaware has an important interest in resolving mortgage actions, and rulings in the Superior Court implicate the important interest of preserving the authority of the state's judicial system. *See Shipley v. New Castle County*, Civ. No. 08-554-JJF, 2008 WL 4330424 (D. Del. Sept. 19, 2008).

6. Finally, petitioner had an adequate opportunity to raise his claims in state court. Additionally, Delaware's appellate court is an adequate forum for review of petitioner's claim. The court finds that petitioner has not provided sufficient special circumstance to convince the court to take the extraordinary step of issuing an

---

[1] Pursuant to *Younger*, the only basis for federal court interference is where one of four exceptions are met: (1) irreparable injury is both great and immediate; (2) the state law is flagrantly and patently violative of express constitutional prohibitions; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances call for equitable relief. *Mitchum v. Foster*, 407 U.S. 225, 230 (1972) (citing *Younger v. Harris*, 401 U.S. 37, 46-54 (1971)).

injunction to interfere with state court proceedings.[2] Accordingly, pursuant to *Younger* and its progeny, the court shall abstain. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) (stating that *Younger* abstention is favored even after the plaintiffs failed to raise their federal claims in the ongoing state proceedings). Therefore, the expedited petition for a temporary restraining order for a stay of execution is denied. (D.I. 8)

7. **Service**. On November 3, 2009, the court entered a service order requiring petitioner to submit a complete USM-285 form to effect service upon respondent. (D.I. 7) Petitioner returned a USM-285 on November 6, 2009, but it is incomplete. As previously ordered on November 3, 2009, petitioner shall submit a complete USM-285 form within 120 days from the date of this order or face dismissal of the petition and/or respondent pursuant to Federal Rule of Civil Procedure 4(m).

8. **Conclusion**. The expedited petition for a temporary restraining order for a stay of execution is **denied**. (D.I. 8) Petitioner shall submit a complete USM-285 form as previously ordered by the court. (*See* D.I. 7)

UNITED STATES DISTRICT JUDGE

---

[2]It may be that *Rooker-Feldman* doctrine is also applicable. In some circumstances, the *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction to review a state court adjudication. *Turner v. Secretary of U.S. Dep't Housing and Urban Dev.*, 449 F.3d 536, 547 (3d Cir. 2006). The *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Accordingly, to the extent that petitioner's claims fall under the purview of the *Rooker-Feldman* doctrine, they are barred.